IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RENE COLE, | ) Cause No. 1:14-cv-549 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MAJOR HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

The Plaintiff, Rene Cole, by and through the undersigned counsel, Michael E. Boring, files this Complaint and seeks relief from the Defendant, Major Hospital, for its violation of the Americans with Disabilities Act, the Family Medical Leave Act, and the Indiana Whistleblower Act, I.C. 22-5-3-3. In support thereof, Plaintiff, Rene Cole states:

**Jurisdiction and Venue**

1. This action arises under The Americans with Disabilities Act ("ADA") and Section 107 of the Family and Medical Leave Act ("FMLA"). The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, in that this action arises under the laws of the United States. Specifically, Rene Cole brings this action to enforce her rights under the ADA and FMLA, in addition to the Indiana Whistleblower Act.

2. Plaintiff, Rene Cole ("Plaintiff") resides in the City of Indianapolis, State of Indiana.

3. Defendant, Major Hospital ("Defendant") is a public entity incorporated in the State Indiana and with its principal place of business being at 150 West Washington Street, Shelbyville, IN 46176.

4. Venue in the Southern District Court of Indiana is proper as a substantial number of the events or omissions giving rise to the claim occurred in said District, and because the Plaintiff resides in and Defendant primary place of business is located in said District.

5. That Plaintiff received a "right to sue" letter from the Equal Employment Opportunity Commission on January 16, 2014 which gave her ninety (90) within which to sue Defendant. According to the date of the letter, Plaintiff is required to file suit on or before April 15, 2014.

## Count 1: Discrimination under the Americans with Disabilities Act

6. Plaintiff began her employment with Defendant in or about 2006. Plaintiff was employed by Defendant as a respiratory therapist working weekend option shifts.

7. Prior to her employment with Defendant, Plaintiff had been diagnosed with fibromyalgia, and Plaintiff made her supervisor aware of same.

8. On or about October 7, 2011, Plaintiff began experiencing severe neck pain, numbness, and tingling in her arms and hands. Plaintiff's family doctor referred her to a neurologist and prescribed her medication.

9. Due to Plaintiff's symptoms and the side effects of the medication prescribed, her doctor recommended that she take time off from work to allow her to recuperate and to consult with and get the opinion of a neurologist.

10. On October 13, 2011, Plaintiff saw the neurologist and was scheduled for an MRI the following day. According to the neurologist, Plaintiff was not to return to work until the results of the MRI were received.

10. Plaintiff requested leave under the FMLA but was told she did not meet the criteria.

11. Plaintiff then requested a thirty day leave of absence, which was denied by her supervisor. Plaintiff was required to return to work on October 22, 2011, or face termination, despite the fact that Plaintiff's doctor had not given her permission to return to work.

12. Plaintiff requested that the Defendant provide her with reasonable accommodations for her illness, such request was denied and no good faith attempt was made, by Defendant, to provide any other reasonable accommodation to Plaintiff.

13. Due to Plaintiff being unable to return to work, and fearing the potential negative effects of a termination on her license and employment record, Plaintiff felt she had no choice but to resign from her position.

14. Defendant, Major Hospital discriminated against Plaintiff, Rene Cole in that Defendant failed and refused to make reasonable accommodations for her disability which is in direct contradiction of the Americans with Disabilities Act.

**Count 2:  Retaliation under the Indiana Whistleblower Act, I.C. 22-5-3-3.**

15. On or about June 12, 2011, Plaintiff found and brought to the attention of her superiors that the proper equipment for pediatric intubation was not readily available in the emergency room. Plaintiff became aware of such lack of equipment after a five week old infant male presented to the emergency room at Major Hospital, needing to be intubated. The proper equipment was not available and the necessary items had to be retrieved from the OB department on the third floor.

16. Following the incident with the five week old infant male, Plaintiff filled out the necessary paperwork, provided an additional note to her manager detailing the missing equipment, and also followed up with her manager by phone call later that week. Plaintiff's manager told Plaintiff that the problem would be taken care of.

17. Upon Plaintiff's inspection, approximately one month later, she found that several necessary tools or pieces of equipment were either still missing or had expired.

18. On or about July 16, 2011, a 40 week gestational, infant female was born with meconium aspiration and needed to be intubated and placed on a ventilator. Plaintiff went through four ventilators before she found one that worked properly. This incident was reported to Plaintiff's manager verbally and by email. The manager claimed that she was not responsible for upkeep of the machines. This infant female was denied proper treatment due to Defendant's failure to properly maintain their equipment. This infant female is believed to have suffered irreversible brain damage due to a lack of oxygen.

19. At or about the end of August or beginning of September, 2011, Plaintiff again reported problems with the ventilators to her manager. Her manager again minimized or ignored the issues and no action to correct the issues was taken.

20. Plaintiff, along with other therapists, decided to take inventory of the equipment due to all the problems they had been experiencing. They found that necessary items were expired, and several other items not had not been properly maintained or were not properly functioning. All of this information was also documented and reported to the manager.

21. On or about October 19, 2011, Plaintiff was contacted by her manager to schedule a meeting with human resources. The meeting occurred on October 20, 2011 in the Human Resources Department.

22. At this meeting, Plaintiff was given a counseling statement to sign which stated that Plaintiff had been warned before about her attendance. This statement was inaccurate, as Plaintiff had never been warned about her attendance prior to this meeting.

23. At this meeting, Plaintiff was told that she would be required to return to work on October 22, 2011, even though Plaintiff had not yet been released by her doctor. Plaintiff was informed that she would be terminated if she did not return to work on October 22, 2011.

24. Defendant Major Hospital retaliated against Plaintiff and constructively terminated her due to Plaintiff's repeated reports to managers regarding the expired, missing, or non-working medical equipment. This retaliation is in violation of the Indiana Whistleblower Act, I.C. 22-5-3-3.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Rene Cole, requests that this Honorable Court enter Judgment in her favor and against Defendant, Major Hospital as follows:

1. That Defendant Major Hospital be found liable for discrimination under the Americans with Disabilities Act, for retaliation against Plaintiff in violation of the Indiana Whistleblower Act, and for violation of Plaintiff's rights under the Family Medical Leave Act;

2. That Plaintiff be awarded back pay for salary and benefits Plaintiff should have received;

3. That Plaintiff be awarded front pay for salary and benefits Plaintiff would have received if not for the unlawful constructive termination;

4. That Plaintiff be awarded damages for Pain and Suffering as a result of the humiliation suffered due to the constructive termination;

5. That Plaintiff be awarded reasonable reimbursement for attorney's fees and costs incurred as a result of the Defendant's actions; and

6. That Plaintiff be awarded all other relief as may be just and appropriate.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by her complaint.

Respectfully submitted,

/s/*Michael E. Boring*
Michael E. Boring  #20497-73
Boring & Boring, P.C.
P.O. Box 100
6375 W. US Highway 52
New Palestine, IN 46163
Telephone:	(317) 861-4497
Fax:	(317) 861-6061
E-mail:	michael@boringandboring.com