UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RENE COLE,                          )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )     No. 1:14-cv-00549-SEB-DML
                                    )
MAJOR HOSPITAL,                     )
                                    )
            Defendant.              )

# ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's Motion to Dismiss [Docket No. 11], filed on July 24, 2014 pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reason set forth below, the motion is GRANTED.

## Factual Background

Plaintiff Rene Cole ("Ms. Cole") was hired by Defendant Major Hospital ("Major") in 2006 as a respiratory therapist who worked weekend option shifts. At some point prior to starting her employment with Major, Ms. Cole had been diagnosed with fibromyalgia. *Id.* at ¶ 7. Ms. Cole alleges that she had made her supervisor aware of her diagnosis. *Id.*

Ms. Cole claims that, during the course of her employment, in June 2011, she became aware that the emergency room did not have readily available the proper equipment for pediatric intubation, which she reported to her supervisor. Pl.'s Compl. ¶ 15. Despite Ms. Cole's first written report and notification to her supervisor and her supervisor's assurance that the problem would be addressed, she alleges that she continued to encounter issues with several pieces of equipment that were either missing from inventory or had expired. *Id.* at ¶¶ 17–20. According to Ms. Cole, she reported similar failures on three additional occasions: in July 2011, at the end of

1

August or beginning of September 2011, and subsequently on an unspecified date. *Id.* at. ¶¶ 18−20. Ms. Cole alleges that her manager took no corrective action and was unresponsive to all her reports. *Id.* at ¶ 19.

At the beginning of October 2011, Ms. Cole's fibromyalgia symptoms worsened, requiring her to seek medical attention for severe neck pain, numbness, and tingling in her arms and hands. *Id.* at ¶¶ 7−8. Ms. Cole first consulted with her family doctor who prescribed medication, advised her to take time off from work, and referred her to a neurologist. *Id.* at ¶¶ 7−8. On October 13, 2011, Ms. Cole consulted with a neurologist, who scheduled an MRI for the next day and advised Ms. Cole not to return to work until the MRI results were received. *Id.* at ¶ 10. Ms. Cole's Complaint contains no information regarding the results of the MRI or any medical diagnosis related to that test.

Ms. Cole alleges that following her visit to the neurologist, she requested a leave of absence under the FMLA. Major denied that request, informing her that she did not meet the eligibility criteria for FMLA leave. *Id.* at ¶ 10.[1] Ms. Cole's subsequent requests for a thirty-day leave of absence or reasonable accommodations were also denied. *Id.* at ¶¶ 11−12.

On October 19, 2011, Ms. Cole was contacted by her supervisor requesting that she schedule a meeting with human resources. That meeting occurred on October 20, 2011, during which Ms. Cole was given a counseling statement to sign which stated that she had previously been warned about her attendance deficiencies. *Id.* ¶¶ 21−22. Ms. Cole alleges in this lawsuit, however, that she never received the referenced attendance warnings. *Id.* at ¶ 22. According to her, Major informed her at this meeting that she was required to return to work on October 22,

---

[1] Because of a numbering error in Ms. Cole's Complaint, this citation references the second paragraph that is numbered "10," so it is actually the eleventh paragraph of the complaint. For the sake of consistency, the citations in this order refer to the paragraph number assigned in the complaint.

2011 or face termination, despite having not yet received permission from her doctor to return to work. *Id.* ¶ 23.

Although Ms. Cole was scheduled to return to work on October 22, 2011, she was unable to do so. *Id.* at ¶¶ 11, 13, 23. In order to avoid any negative consequences from her failure to appear, Ms. Cole resigned her position. *Id.* at ¶¶ 13, 23.

Thereafter, Ms. Cole filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a "Notice-of-Right-to-Sue" on January 16, 2014. *Id.* at ¶ 5. She filed this complaint on April 10, 2014. Although the complaint consists of only two denominated counts, the Ms. Cole alleges the following three distinct causes of action: (1) failure to make reasonable accommodations, in violation of the Americans with Disabilities Act (ADA); (2) interference with her rights under the Family and Medical Leave Act (FMLA); and (3) retaliation, in violation of Indiana Code 22-5-3-3 ("Indiana Whistleblower Act"). Major seeks dismissal of all of Ms. Cole's claims.

## Legal Analysis

### I. Standard of Review

Defendant's motion for dismissal for failure to state a claim arises under Federal Rule of Civil Procedure 12(b)(6).[2]

The Federal Rules of Civil Procedure authorize dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In determining the sufficiency

---

[2] Ms. Cole argues that Major should have filed a Rule 12(e) motion requesting a more definite statement. Dkt. 18 at 6. As Major notes, however, Rule 12(e) motions are reserved for "when the pleading is so unintelligible that the movant cannot draft a responsive pleading." *United States for Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F.Supp. 298, 303 (N.D. Ill. 1987) (citation omitted); *accord Welton v. Anderson*, No. 1:13-cv-00355-JMS-MJD, 2013 WL 2244178, at *1 (S.D. Ind. May 21, 2013). Contrary to Ms. Cole's assertion, Major properly filed its motion based on factual deficiencies in the pleadings, rather than based on a lack of clarity.

of a complaint, the court considers all allegations in the complaint to be true and draws such reasonable inferences as required in the plaintiff's favor. *Jacobs v. City of Chi.*, 215 F.3d 758, 765 (7th Cir. 2000). Federal Rule of Civil Procedure 8(a) establishes a liberal pleading regime for civil claims requiring a plaintiff to provide only a "short and plain statement of the claim showing that [she] is entitled to relief," Fed. R. Civ. Pro. 8(a)(2); this reflects the modern policy judgment, accepted by the Seventh Circuit, that claims should be "determined on their merits rather than through missteps in pleading." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) (quotation marks and citation omitted). A pleading satisfies the core requirement of fairness to the defendant so long as it provides "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation marks and citation omitted).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court held that a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility requires more than mere labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Instead, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Although *Twombly* and *Iqbal* represent a new gloss on well-established standards governing the sufficiency of pleadings, neither decision overturns the fundamental principle of liberality embodied in Rule 8. As our court has often noted, "[N]otice pleading is still all that is required, and a plaintiff still must provide only enough detail to give the defendant fair notice of

4

what the claim is and the grounds upon which its rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Heckler & Koch, Inc. v. Ger. Sport Guns GmbH*, 976 F. Supp. 2d 1020, 1027 (S.D. Ind. 2013) (internal quotation marks and citation omitted). In ruling on a motion to dismiss, "plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).

## II. Discussion

As previously noted, Plaintiff's Complaint alleges three separate claims, but these claims are all based on one underlying theory – that Major denied her request for leave in violation of the ADA and FMLA, based on her reporting activity that was protected under the Indiana Whistleblower Protection Act. *See* Pl.'s Compl. We address each of Plaintiff's claims in turn below.

### A. Americans with Disabilities Act Claim

The ADA forbids discrimination by employers against "qualified individual[s] on the basis of disability…." 42 U.S.C. § 12112(a). To prevail under the ADA, a plaintiff must first show that she is a qualified individual "who, with or without reasonable accommodation, can perform the essential functions of the employment position . . . ." 42 U.S.C. § 12111(8). Next, a plaintiff must adequately plead that she has a disability covered under the ADA: "(A) a physical or mental impairment that substantially limits one or more major life activities of [the plaintiff]; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Discrimination includes an employer's failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the

accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).

Here, Plaintiff alleges that Defendant violated the ADA by failing to provide a reasonable accommodation for her illness. Pl.'s Compl. ¶ 12. In order to survive a Motion to Dismiss, Plaintiff must allege facts that, if true, would demonstrate that: (1) she was a qualified individual with a physical or mental impairment substantially limiting at least one of her major life activities; (2) Defendant was aware of her disability; and (3) Defendant failed to make a reasonable accommodation as required under the ADA. *See Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 682 (7th Cir. 2014) (citing *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005)).[3]

Plaintiff's most glaring failure in her Complaint is the absence of any allegation asserting that she was a qualified individual, as required by the ADA. 42 U.S.C. § 12112(a); 42 U.S.C. § 12111(8). In addition, although the statute allows the term disability to be generously "construed in favor of broad coverage," (42 U.S.C. § 12102(4)(A)), Plaintiff has not alleged that any of her major life activities were substantially limited. *See* 42 U.S.C. § 12102(1). Plaintiff included instead the fact of her prior diagnosis of fibromyalgia, (Pl.'s Compl. ¶¶ 6−8 (diagnosis occurred prior to or during 2006)), and medical professional recommendations to "take time off from work" to await test results. Pl.'s Compl. ¶¶ 9−10. These meager assertions referencing her fibromyalgia diagnosis are insufficient to constitute a plausible allegation that Plaintiff had a disability substantially limiting a major life activity or operation of a major bodily function. *See* 42 U.S.C. § 12102(2).

---

[3] Although *Bunn* is a summary judgment decision, the Court sets forth the elements of a claim for failure to accommodate. *Bunn*, 753 F. 3d 676 (emphasis added). These requirements apply to a pleading as well.

Given Plaintiff's failure to adequately allege a disability, as defined by the ADA, we need not address the remaining elements of the claim, to wit, whether Defendant was aware of her disability and failed to make a reasonable accommodation, as also required under the ADA.

### B. Family and Medical Leave Act Claim

The FMLA entitles an eligible employee who suffers from a serious health condition that renders her unable to perform the functions of her employment, to twelve workweeks of leave during each twelve-month period. 29 U.S.C. § 2612(a)(1)(D). There are two types of claims for alleged violations under the FMLA: interference claims, in which an employer burdens or denies substantive statutory rights of the employee provided for under the FMLA; and retaliation claims, in which an employer discharges or discriminates against an employee for exercising her FMLA rights. 29 U.S.C. § 2615.

Here, Plaintiff alleges that she "requested leave under the FMLA but was told she did not meet the criteria." (Pl.'s Compl. ¶ 10). This type of employer action can provide a basis for an interference claim. To properly allege a FMLA-interference claim, a plaintiff must allege the following elements: (1) she is an eligible employee; (2) the defendant is an employer subject to FMLA requirements; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice to the defendant of her intention to take FMLA leave; and (5) the defendant denied her benefits to which she was entitled. *Burnett v. LFW, Inc.*, 472 F.3d 471, 477 (7th Cir. 2006).[4]

---

[4] Although *Burnett* was decided on summary judgment, the Seventh Circuit's enumeration of the essential elements necessary to establish a claim under the FMLA extends to a motion to dismiss as well. *See, e.g.*, *Stone v. St. Vincent Hosp. & Health Care Ctr.*, No. 1:11-cv-225-RLY-DML, 2011 WL 5593683 (S.D. Ind. Nov. 17, 2011); *Johnson v. Dollar General*, 778 F. Supp. 2d 934, 944-46 (N.D. Iowa 2011) (requiring pleading of essential elements to survive motion to dismiss).

Defendant contends that Plaintiff has failed to allege any of these essential elements. In particular, Defendant argues that Plaintiff failed to comply with the first pleading requirement set out in the FMLA by omitting "the core assertion that she was qualified for leave under the FMLA in the first place." Dkt. 12 at 4. We agree: there is no such averment. To qualify as an "eligible employee" under the FMLA, Plaintiff must have been employed by Defendant for at least twelve months during which she completed a minimum of 1,250 hours of service. 29 U.S.C. § 2611(2). While she alleges that she worked "weekend option shifts," she omits any claim that she was eligible for relief under the FMLA at the time she requested leave. Pl.'s Compl. ¶ 6. Instead, Plaintiff states only that she "requested leave under the FMLA but was told she did not meet the criteria." *Id.* at ¶ 10 (pled under count for ADA discrimination). This is not enough.

Having failed to adequately allege that she was an eligible employee under the FMLA, which is a prerequisite to entitlement to leave, (29 U.S.C. § 2612(1)), Plaintiff's FMLA claim cannot survive.

### C. Indiana Whistleblower Act Claim

The Indiana Whistleblower Act creates limited statutory protections for whistleblowing employees of employers who are operating under public contracts. In pertinent part, the statute offers protections to qualifying employees who report in writing the existence of: "(1) a violation of a federal law or regulation; (2) a violation of state law or rule; (3) a violation of an ordinance of a political subdivision . . . ; or (4) the misuse of public resources." Ind. Code § 22-5-3-3(a). As the Seventh Circuit has recognized, a whistleblower must complain about a violation of federal laws or regulations, state laws or rules, ordinances or misuse of public resources "before the Act's protections are triggered." *Ellis v. CCA of Tennessee LLC.*, 650 F.3d 640, 651 (7th Cir. 2011).

Although Ms. Cole claims that her reports to her supervisor regarding "various safety violations" were legally protected, in order to sufficiently frame a retaliation claim under Indiana's Whistleblower Act she must plead facts that show those written and oral reports involved at least one of the four categories of information described in Ind. Code § 22-5-3-3(a)(1)-(4). In other words, Ms. Cole must explain how "expired, missing, or non-working medical equipment," (Pl.'s Compl. ¶ 24), constitutes a violation of a law, rule, regulation, ordinance, or the misuse of public resources. *E.g.*, *Boyd v. Keystone Const.*, No. 1:14-cv-119-WTL-MJD, 2014 WL 5148658, at *3 (S.D. Ind. Oct. 14, 2014); *Ryan v. Underwriters Labs., Inc.*, No. 1:06-cv-1770-JDT-TAB, 2007 WL 2316474, at *5-*7 (S.D. Ind. Aug. 8, 2007). Because she has failed to do so, her claim for retaliation under the Indiana Whistleblower Act cannot go forward.[5]

## **Conclusion**

For the reasons set forth above, Defendant's motion to dismiss is GRANTED, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint to overcome these deficiencies in the current complaint, if she is able and chooses to do so. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted). Any such amended complaint must be filed within 21 days from the date of this order; if no amended complaint is filed within the specified time, final judgment shall enter.

---

[5] Because Ms. Cole's claim fails on this basis, we need not address Major's alternative arguments for dismissal.

IT IS SO ORDERED.

Date: 12/5/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Eric Boring
BORING AND BORING, PC
michael@boringandboring.com

Cynthia A. Bedrick
MCNEELY STEPHENSON THOPY & HARROLD
cabedrick@msth.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

Jody M. Butts
MCNEELY STEPHENSON THOPY & HARROLD
jmbutts@msth.com